COMMONWEALTH *vs.* MANUEL ALVES. March 3, 1993. *Probable Cause. Search and Seizure*, Wiretap, Electronic surveillance, Probable cause. *Eavesdropping.*

A judge in the Superior Court denied the defendant's motion to suppress the fruits of an intercepted conversation between the defendant and his wife. The intercepted conversation was used to demonstrate probable cause in an affidavit in support of an application for a second wiretap order. The second wiretap order led to evidence implicating the defendant in cocaine trafficking. We transferred the defendant's appeal to this court on our own motion. We affirm the order denying the motion to suppress.

By statute, private conversations between a husband and a wife are disqualified and, hence, "neither husband nor wife shall testify as to such private conversations." G. L. c. 233, § 20 (1990 ed.). The wiretap statute, G. L. c. 272, § 99 D 2 e (1990 ed.), provides that no privileged intercepted wire communication "shall lose its privileged character."

Assuming, without deciding, that the intercepted conversation was privileged, there was a sufficient showing of probable cause without considering any part of the conversation between the defendant and his wife to support the second wiretap order. Accordingly, the fruits of the second wiretap were properly obtained and the judge's denial of the motion to suppress was not in error.

*Judgment affirmed.*

*Richard J. Shea* for the defendant.
*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.